UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-14023-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ARTHUR LEE SMITH,

    Defendant.
_____/

## SENTENCING MEMORANDUM OF ARTHUR LEE SMITH

COMES NOW, the defendant, ARTHUR LEE SMITH, by and through his undersigned attorney, and hereby respectfully submits this Sentencing Memorandum addressing the Crack Cocaine/Powder Cocaine Sentencing Disparities, United States v. Booker, 543 U.S. 220 (2005), and the criteria outlined in 18 U.S.C § 3553(a) regarding sentencing variances.

The defendant would respectfully submit that the base offense level in this matter should be a level 12. Further, he should receive a 2 level reduction for meeting the criteria set forth in subdivision (1)-(5) of §5.C1.2(a), thereby reducing the offense level by two levels to a level 10. Further, he should receive an additional 2 levels for acceptance of responsibility under § 3E1.1(a) reducing the offense level to a level 8. Finally, his relative involvement in this matter, would entitle him to an additional 2 level reduction for mitigating role, thereby, reducing the Total Offense Level to a level 6. This places him in Zone A with a Criminal History Category I.

## Crack Cocaine/Powder Cocaine Sentencing Disparities

The defendant would respectfully adopt and incorporate herein by reference the position taken in the Sentencing Memorandum of the defendant's co-defendant, Larry Bernard Smith on pps. 6-7 regarding the disparity between crack and cocaine powder sentences. In essence, the

1

United States Attorney has indicated that the Government will not object to a variance based on a 1:1 ratio between crack and cocaine powder.  See Exhibit "A" of Sentencing Memorandum of Larry Bernard Shaw.  Therefore, the 1.2 grams of cocaine base attributed to the defendant after applying a 1:1 ratio results in a Base Offense level of 12 (less than 25 G of Cocaine) rather than 16 which currently governs at least 1 gram but less than 2 grams of Crack Cocaine Base under § 2D1.1.  Thus, the Base offense level should be a level 12.

**<u>Mitigating Role Adjustment</u>**

§ 3B1.2 (b) provides for a 2 level decrease in the Total offense level where is established that the defendant was a minor participant in any criminal activity.  The defendant pled guilty to Count VI of the Indictment which charged him and Javier Reynaldo Williams with knowingly and intentionally distributing cocaine.  Thus, the threshold requirement for the mitigating role adjustment, that more than one participant was involved in the offense has therefore been met. The factual basis for the charges herein establishes that a Confidential Informant of the DEA met DEA Agents and Members of the Okeechobee County Sheriff's Office Narcotics Task Force to make a purchase of cocaine from Williams.  The CI contacted Williams.  Williams drove his vehicle to a predetermined location.  The defendant exited the vehicle and entered the CI's vehicle where the CI was provided two blocks and then an additional one block of cocaine in exchange for $100.  The defendant then exited the vehicle and left the scene with Williams.

It is apparent that Williams was acting as the leader of the organization.  Williams dealt initially with the CI.  Williams arranged the transaction and drove thereto.  The defendant's involvement was to exit Williams's car and hand the drugs to the CI who then gave the defendant money.  The receipt of the money by the defendant was at the direction of Williams.

Therefore, the defendant should receive a role adjustment.  Clearly Williams was involved in a structure and enterprise that had broad scope. The defendant was used to facilitate

the commission of one transaction on a relatively small scale. No evidence exists that the defendant was engaged or involved in any further criminal activity with Williams, or was otherwise aware of the scope of Williams's criminal activity. Application Note 5 provides that a Minor Participant adjustment applies to defendant who is less culpable than most other participants, but whose role could not be described as minimal.

Therefore, the defendant is entitled to an additional 2 level adjustment for minimal role reducing the Total Offense level to a level 6.

**Variance under 18 U.S.C 3553(a)**

§ Section 3553 (a) outlines the directives for courts to follow in imposing a sentence.

The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed—

(A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) To afford adequate deterrence to criminal conduct;

(C) To protect the public from further crimes of the defendant; and

(D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Applying these criteria to the instant case, shows that a sentence of time served followed by probation will achieve the purposes and goals of the sentencing laws. Mr. Smith is a young man. He has received his High School diploma. He lives at home with his parents, who depend

on him for support and care.  He is the father of an infant.  He made a very bad mistake by allowing himself to get involved in this activity, but this has also opened his eyes to the fact that better opportunities exist for him if he makes better decisions.  He has never served time in jail before and has been incarcerated for close to 3 months in this case.  After his release on bond, the Honorable Magistrate Judge Frank Lynch imposed conditions of release, including that the defendant seek gainful employment and attend drug treatment counseling.  Mr. Smith fully complied with all of these conditions.  He obtained employment at Taco Bell where he performed commendably and has employment waiting for him upon his release from custody.  He attended substance abuse counseling with Breakthrough Recovery Services, Inc. and progressed well.  It is his intent to continue with this counseling upon his release so that he can receive further treatment, thereby reducing the risk that he will re-offend in the future.

WHEREFORE, the Defendant, ARTHUR LEE SMITH, respectfully requests this Honorable Court impose a sentence in this matter of time served followed by probation.

I HEREBY CERTIFY that on July 16, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served via U.S. Mail to those counsels who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

/s/ CHRISTOPHER A. HADDAD
LAW OFFICE OF
CHRISTOPHER A. HADDAD, P.A.
320 Pine Street
West Palm Beach, FL  33407
Telephone:  (561) 832-1126
Fax:  (561) 832-1127
Fla. Bar No. 0879592