UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-14023-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA

v.

ARTHUR LEE SMITH,
    Defendant.
_____/

GOVERNMENT'S RESPONSE TO
DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT (DE 116)

       The United States hereby files this Response to the Defendant's Objections to the Presentence Investigation Report (DE 116). For the reasons set forth below, the Court should reject the Defendant's Objections.

    1. On May 7, 2010, the defendant pled guilty to one count of distribution of cocaine base, commonly known as crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

    2. The defendant is scheduled to be sentenced on July 23, 2010, by the Court. The defendant's guideline imprisonment range, as calculated by the Probation Office in the Presentence Investigation Report (PSR), is 10 to 16 months.

    3. Defendant objects to Paragraph 22 of the PSR for its failure to assess defendant as having had a minor role in the offense. Because defendant worked at the direction of codefendant Javier Williams, defendant contends he is "less culpable than most other participants." Defendant has been adjudged guilty of Count Six of the Indictment, which charges defendant with violations of both 21 U.S.C. § 841(a) and 18 U.S.C. § 2. A defendant is criminally liable if he aids and abets another person; this defendant was a willing participant and not merely a knowing spectator. *See*

11th Cir Pattern Jury Instructions, Special Instruction No. 7 (2010) ("A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person."); U.S.S.G. § 2X2.1 ("A defendant convicted of aiding and abetting is punishable as a principal.") (Background note).   The determination to apply U.S.S.G. § 3B1.2 to allow a minor role reduction is "heavily dependent upon the facts of the case." *Id*. § 3B1.2 *Application Note* 3(c). The Government submits that defendant's participation in this case was not <u>substantially</u> less than the <u>average</u> participant, as laid out in the PSR description of the facts, and accordingly there is no merit to the request for a minor role reduction.

4.   Defendant seeks a variance from the Guidelines sentence range, in accordance with the criteria set forth in 18 U.S.C. § 3553(a).  The Court certainly has wide discretion to depart from the Guidelines and fashion a sentence suitable to this defendant.  The Government asks that the Court, in doing so, seek a sentence that will deter the defendant and prevent future recidivism, recognizing the good fortune of the defendant in that he has been arrested in this matter before he could pursue the wrong path to a more serious life of crime.  Accordingly, the Government would highlight in particular these Section 3553(a) stated purposes:

> "(A) to reflect the seriousness of the offense, to promote the respect for the law, and to provide just punishment for the offense;
> "(B) to afford adequate deterrence to criminal conduct; [and]
> "(C) to protect the public from further crimes of the defendant."

18 U.S.SC. § 3553(a).

5.   Defendant adopts the arguments of codefendant LARRY B. SMITH, and proposes that the Court compute a new advisory guideline sentence range on the basis of a one to one equation of crack to powder cocaine, and thereby apply a base offense level of 12 with a guidelines range of 10-16 months.   Such a sentence is within the discretion of this Court. For clarity of the record, however, it should be noted that such a sentence calculation would be (permissibly) extralegal, in

that it would lie outside the formal strictures of the Guidelines presently in effect, and rest instead upon the Court's broad discretion, informed by the stated Executive policy of the Department of Justice and the United States Attorney's Office, while such an approach is not yet legislatively enacted or codified by the Congress.

WHEREFORE, the United States respectfully recommends that the Court reject the Defendant's objections to the PSR.

        Respectfully submitted,

        WIFREDO A. FERRER
        UNITED STATES ATTORNEY

By:   *s/ Theodore M. Cooperstein*
        Theodore M. Cooperstein A5501084
        Assistant United States Attorney
        theodore.cooperstein2@usdoj.gov
        United States Attorney's Office
        505 South Second Street, Suite 200
        Fort Pierce, FL   34950
        Telephone:  772-466-0899
        Facsimile:  772-595-3606
        Attorney for United States of America

### CERTIFICATE OF SERVICE

**I hereby certify** that on July 20, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

        s/ *Theodore M. Cooperstein*
        Assistant United States Attorney

**SERVICE LIST**
**United States of America v. Arthur Lee Smith**
**Case No. 10-14023-CR-GRAHAM/LYNCH**
**United States District Court, Southern District of Florida**

Christopher A. Haddad, Esq.
Law Office of Christopher A. Haddad, P.A.
320 Pine Street
West Palm Beach, FL 33407
561-832-1126
561-832-1127 (fax)
*Attorney for* **Arthur Lee Smith.**
Method of Service: CM/ECF